

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **JESSICA OCHOA** |
| *Corporation Counsel* | 100 CHURCH STREET | *Assistant Corporation Counsel* |
| | NEW YORK, NY 10007 | Phone: (212) 356-3159 |
| | | Fax: (212) 356-3509 |
| | | Email: jochoa@law.nyc.gov |

June 23 2025

**BY ECF**
Honorable Naomi R. Buchwald
Southern District of New York
500 Pearl Street
New York, New York 10007

> The City's application is granted on the basis that the information provided by plaintiff be subject to a confidentiality order and with the understanding that this action is at the discovery phase and that only admissible evidence may be introduced at trial.
>
> SO ORDERED.
>
> *[signature]*
> NAOMI REICE BUCHWALD
> UNITED STATES DISTRICT JUDGE
>
> Date:    New York, New York
>          July 10, 2025

Re:   Patterson v. the City of New York, et al.
      24-CV-2106 (NRB)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney representing Defendants City of New York, Javad Valad, Brian Hinton, and Michael Brennan in the above-referenced action. I write on behalf of defendants to respectfully request that the Court compel Plaintiff to produce blanket 160.50 releases..

      By way of background, Plaintiff filed the complaint on March 20, 2024. (ECF No. 1.) Plaintiff alleges, *inter alia*, fabricated evidence, denial of a fair trial, malicious prosecution, and municipal liability. Discovery has been ongoing and is set to close on August 1, 2025. On March 4, 2025, Defendants sent Plaintiff their first set of discovery requests. As part of the discovery requests, Defendants requested a blanket 160.50 release. Plaintiff responded to Defendants' requests on April 1, 2025. However, Plaintiff did not provide a 160.50 release. On May 21, 2025, Defendants inquired about the blanket 160.50 release. Plaintiff believes that a blanket 160.50 release is not necessary. The parties had a meet and confer on June 6, 2025 and have not been able to resolve the issue.

      Defendants therefore respectfully request that the Court compel Plaintiff respond to provide a blanket 160.50 release within two weeks. As the Court is aware, records regarding plaintiff's prior unrelated arrests and incarcerations that resulted in dismissals, if any, are likely sealed pursuant to N.Y. Crim. Proc. Law § 160.50. Thus, without a release for sealed arrest and criminal prosecution records, defendants may be unable to obtain information regarding prior

instances in which plaintiff was arrested and incarcerated. As plaintiff is asserting a claim for denial of a right to a fair trial and malicious prosecution in this case, and seeking money damages pertaining to a period of incarceration, plaintiff's prior arrest history is reasonably calculated to lead to the discovery of relevant and admissible evidence. Specifically, defendants submit that any prior arrests and incarcerations may demonstrate that plaintiff's purported damages, particularly any damages for mental anguish attendant upon arrest and imprisonment, were mitigated by any prior incarcerations and encounters with the criminal justice system.

"Courts in this Circuit have held that, where emotional distress damages arising from unlawful incarceration are at issue, a 'plaintiff's prior arrest and incarceration history are relevant to the jury's determination of damages' '[b]ecause a plaintiff 'who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained'; therefore, 'defendants may inquire into plaintiff's past arrests and incarcerations. . ." *See Jeanty v. Cerminaro*, 2021 U.S. Dist. LEXIS 124089 *11-12 (N.D.N.Y July 2, 2021) (citing *Banushi v. Palmer*, 2011 U.S. Dist. LEXIS 419, at *7-9, (E.D.N.Y. Jan. 4, 2011)); *see also Wilson v. City of New York,* No. 06-CV-229 (ARR) (VVP), 2006 U.S. Dist. LEXIS 90050 (E.D.N.Y. Dec. 13, 2006), (stating that "it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained. The request for such information is therefore reasonably calculated to lead to evidence admissible at trial.") and *Ross v. Guy*, 2022 U.S. Dist. LEXIS 44714 *4 (E.D.N.Y. Mar. 14, 2022) ("Courts in this circuit have repeatedly found that a plaintiff's criminal history is relevant for this purpose.").

Thus, where a plaintiff is claiming emotional injuries as a result of an arrest, it is appropriate for a defendant to have access to his sealed arrests records, even for those arrests that are not the subject of present litigation. Without a fully executed designation of agent form, defendants are unable to discover whether plaintiff has had any prior contact with the criminal justice system that resulted in a dismissal, let alone the extent of any emotional injuries associated with that experience. Accordingly, Defendants respectfully request that the Court compel plaintiff to provide a fully executed release for access to records that may be sealed pursuant to N.Y. Crim. Proc. Law § 160.50.

Accordingly, Defendants respectfully request that the Court compel Plaintiff respond to Defendants' discovery requests within two weeks..

Defendants thank the Court for its time and consideration of these requests.

Respectfully submitted,

/s/ *Jessica M. Ochoa*
Jessica Ochoa
*Assistant Corporation Counsel*

Cc: Michael Lumer, Esq.
*Counsel for Plaintiff*